UNITED STATES *v.* HOFFMAN-LA ROCHE CHEMICAL WORKS (No. 97).[1]

POWER OF BOARD OF GENERAL APPRAISERS TO ISSUE COMMISSIONS TO TAKE TESTIMONY.

　　Without considering the judicial nature of the Board of United States General Appraisers or the power that might be found to inhere in the board as a tribunal to issue commissions to take testimony, it would plainly appear that the statute under the authority of which it was established empowers the board to issue such a commission; and that a rule adopted by the board empowering one of its members to issue such a commission is well within the scope of the board's authority.

United States Court of Customs Appeals, February 13, 1911.

APPEAL from decision of the Board of United States General Appraisers (T. D. 30547). [Affirmed.]

　　*D. Frank Lloyd*, Assistant Attorney General (*Edwin R. Wakefield* on the brief), for the United States.

　　*Hatch & Clute* (*Edward S. Hatch* and *Walter F. Welch* of counsel) for the appellee

　　Before MONTGOMERY, HUNT, SMITH, BARBER, and DE VRIES, Judges.

DE VRIES, Judge, delivered the opinion of the court:

There is subject for decision here a question whether or not a board of three general appraisers has the power to issue a commission for a deposition to be taken in a foreign country.

The case involves the appropriate rate of duty upon certain imported merchandise, but it is conceded by the Government, appellant, that if the deposition was produced with authority and properly considered by the board the decision of the board should stand.

The authorities upon the general power of courts to issue a commission for a deposition without express statutory authority are not uniform. In some of the earlier cases an inherent power to so do was assumed and exercised by the courts, whilst in others reliance was had upon express statutes. Greenleaf's Evidence (sec. 320 *et seq.*).

The court is of the opinion that reliance upon any inherent power in the premises is unnecessary; nor is any consideration here of the judicial character of the Board of General Appraisers required. Even assuming the commission to have been issued by a single general appraiser, he was not without warrant of authority.

---

[1] Reported in T. D. 31319 (20 Treas. Dec., 320).

The customs administrative act, as amended and in force at the time the commission was issued, contains the following provisions:

SEC. 12 of SEC. 28.  *  *  *  That the boards of general appraisers and the members thereof shall have and possess *all the powers of a circuit court of the United States* in preserving order, compelling the attendance of witnesses, *and the production of evidence*, and in punishing for contempt.  *  *  *  and the general board of nine general appraisers, each of the boards of three general appraisers, and each of the general appraisers of merchandise, shall have all the jurisdiction and powers and proceed as now, heretofore, and herein provided.

At the time of the enactment of this law there was vested in the circuit courts of the United States by section 863 of the Revised Statutes a general power for the taking of depositions setting forth with precision the procedure in such cases.

That a deposition is evidence seems so perfectly patent to the legal mind that the citation of authority or any attempted discussion would seem to challenge the intelligence of the mind addressed.

In all of the texts treating the subject, in all of the decisions which we have been able to examine, wherein depositions are the subject of discussion, in all of the codes of the States, and the Revised Statutes of the United States, depositions are treated in the chapters with and as a part of and class of evidence.

The circuit courts of the United States by statute having plenary authority for the issuance of commissions to take depositions, and the Congress having thereafter provided expressly that a single general appraiser, as well as boards of general appraisers, shall—

have and possess all the powers of a circuit court of the United States in preserving order, compelling the attendance of witnesses, and the production of evidence,

it would seem that no grant of a power could be more clearly and precisely made.

There is no statute which we have been able to discover which denies any Federal court the power to issue a commission for depositions. It follows, without question, that if no statute has been contravened in issuing the commission for the deposition, the statutory authority granted circuit courts having been precisely followed, the general appraiser was within his powers. The court, however, upon this record does not find it necessary to rest its decision solely upon the grounds stated.

The record discloses that application for the commission was made to a board of three general appraisers, and objections were made before said board to the issuance of the commission on the grounds presented to this court upon appeal. The board overruled the objections and in accordance with that ruling the commission was duly issued. While the commission itself is signed by a member of the board it purports to emanate from the board itself, and the interrogatories and cross-interrogatories appear from the record to have been settled by the board. We assume from the record that the general appraiser acted for and under the authority of the board.

It is further provided in section 12, as follows:

SEC. 12 of SEC. 28.   *   *   *   The said board of nine general appraisers shall have power to establish from time to time such rules of evidence, practice, and procedure, not inconsistent with the statute, as may be deemed necessary for the conduct and uniformity of its proceedings and decisions and the proceedings and decisions of the boards of three thereof;   *   *   *

In pursuance of this authority the board of nine general appraisers duly adopted rules of procedure, etc., part of which read as follows, to wit:

### DEPOSITIONS.

XXV. Commissions will be issued under the seal of the general board to examine witnesses resident in another country or in a distant part of the United States not visited by a general appraiser, whenever it shall appear satisfactory to a general appraiser of board of general appraisers before whom the case is pending that the testimony of said witnesses is necessary and important in a case pending and that the witnesses can not attend the trial thereof.

*          *          *          *          *          *          *

Such commissions   *   *   *   shall be written down and the commissions executed in the manner prescribed by section 875 of the Revised Statutes of the United States, whereupon the commission shall return the same to the chief clerk of the General Board of General Appraisers; *and the same shall thereafter be considered competent evidence in the case.*

The statute grants the board of nine general appraisers, which is the General Board of General Appraisers, full authority to make such rules and regulations and to adopt such procedure as in its judgment may appear necessary or proper.

In the rule adopted the board appears to have prescribed that a board of three general appraisers in authorizing the issuance of a commission to take testimony may do so either acting as a board or by availing itself of the offices of a single general appraiser in the premises.

In this case the board seems to have authorized the issuance of the commission, and, though it does not expressly appear upon the record that it directed that it should be signed by a single general appraiser, such was authorized by the statute and the rule, and it must be assumed that the public officials and the public official acting did so authoritatively.

The statutory authority of the board to make rules of procedure would seem to be ample for the adoption of the rule in question, it not contravening any statute.

In England the supreme court of judicature was authorized by statute, when created, to establish rules of court "for regulating the pleading, practice, and *procedure* in the high court of justice and court of appeal," and "generally for regulating any matters relating to the practice and *procedure* of the said courts, respectively, or to the duties of officers thereof," etc.

Under this authority of statute rules were adopted by the said court regulating the issuance of commissions for depositions.   While this is

not an adjudged case on issues made, it is the exercise by a high court of statutory prerogatives requiring in the first instance the assumption by the court that it was within its legal powers under the statute.

We have no doubt that in this case the Board of General Appraisers was well within its authority and so acted.

Some objection was made at the hearing that the interrogatories returned were not properly introduced in evidence. We think that it may be fairly assumed from the record that they were properly introduced and considered by the board. The proceedings recited in the record bear out this conclusion. Moreover, the rule of the board prescribes that when a deposition is returned to the chief clerk of the board it becomes a part of the record and evidence in the case, for the rule states:

The commissioner shall return the same to the chief clerk of the General Board of General Appraisers; *and the same shall thereafter be considered competent evidence in the case.*

*Affirmed.*